UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATAUSHA SIMMONS,

    Petitioner,

v.                                                    Case No. 20-10050

MACOMB COUNTY JAIL,

    Respondent,
_____/

**OPINION AND ORDER SUMMARILY DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Latausha Simmons, ("Petitioner"), incarcerated at the Macomb County Jail in Mount Clemens, Michigan, seeks the issuance of a writ of habeas corpus. For the reasons that follow, the court will dismiss the petition without prejudice.

**I. DISCUSSION**

A petition for a writ of habeas corpus must allege facts that establish a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (Borman, J.). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." *Gray v. Netherland,* 518 U.S. 152, 162–63 (1996)(internal citations omitted). Federal courts may also dismiss any habeas petition that is legally insufficient on its face. *See Taylor v. Palmer*, 623 F. App'x 783, 786 n.3 (6th Cir. 2015) (quoting *McFarland v. Scott,* 512 U.S. 849, 856 (1994)); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. § 2254. The Sixth Circuit has disapproved of "the practice of issuing a show cause order [to the respondent] until after

the District Court first has made a careful examination of the petition." *Allen v. Perini*, 424 F.2d 134, 140 (6th Cir. 1970). A district court, therefore, shall screen out any habeas corpus petition which is meritless on its face. *Id.* at 141. Based on this standard, the petition must be summarily dismissed because it fails to specify whether Petitioner has been convicted of any offense, the claims that she is wishes to raise, or any facts which show that she is being detained in violation of the federal constitution. The petition presented is little more than an incomplete, boilerplate form, essentially a blank outline to which she attaches some hospital records. She does not indicate whether she has been convicted of any criminal charges, nor does she raise any specific claims for relief or otherwise argue why her detention is unconstitutional.

Accordingly, the court will dismiss the petition without prejudice because the petition is "unintelligible and [the] court is unable to determine what alleged errors of fact or law are at issue for adjudication." *Arega v. Warden, Chillicothe Corr. Inst.*, 347 F. Supp. 3d 359, 361 (S.D. Ohio 2018), *R.&R. adopted*, 347 F. Supp. 3d 359 (S.D. Ohio. 2018).

## II. CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal the court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S.

473, 484 (2000) (citation omitted). In this case, reasonable jurists would not debate the court's conclusion that the petition fails to contain sufficient information to justify any form of habeas relief. Therefore, the court denies a certificate of appealability.

### III. CONCLUSION

IT IS ORDERED that the petition is SUMMARILY DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

                              s/Robert H. Cleland
                              ROBERT H. CLELAND
                              UNITED STATES DISTRICT JUDGE

Dated: January 17, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 17, 2020, by electronic and/or ordinary mail.

                              s/Lisa Wagner
                              Case Manager and Deputy Clerk
                              (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C1 ORDERS\20-10050.SIMMONS.grant.dismissal.BB.HEK.RHC.docx